

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

MDL No. 3178

**TRANSFER ORDER**



**FILED**

**Apr 07, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**Before the Panel:**[*] Plaintiffs in the Western District of Washington *Wescott* action move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. The litigation consists of nineteen actions pending in twelve districts, as listed on Schedule A. The Panel has been notified of one related action pending in the Southern District of New York.[1] All responding parties support, or do not oppose, centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from the November 2025 recall of infant formula manufactured and marketed by ByHeart, Inc., based on its potential contamination with *Clostridium botulinum*. Plaintiffs in nine actions allege that their infant children became seriously ill with infant botulism after being fed contaminated ByHeart formula. The remaining ten actions are putative nationwide and statewide class actions which assert economic injuries on behalf of purchasers of ByHeart formula.

All responding parties support centralization. The actions will share factual questions regarding the root cause of the alleged contamination, ByHeart's manufacturing processes, and ByHeart's compliance with applicable FDA and other regulations. Centralization will avoid duplicative fact and expert discovery as to these common issues, as well as the risk of inconsistent pretrial rulings, particularly as to issues of expert admissibility and class certification. In addition, centralization will conserve party and judicial resources, which is of particular importance given that ByHeart reportedly has limited insurance coverage that will be eroded by defense costs.

---

[*] Judge David C. Norton did not participate in the decision of this matter. In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] This and any other related actions are potential tag-alongs. *See* Panel Rules 1.1(i), 7.1, and 7.2.

- 2 -

The Southern District of New York is an appropriate transferee district for this MDL. All parties support centralization in the district. ByHeart is headquartered in the Southern District of New York, and eight actions, as well as the potential tag-along action, are pending in that district. We assign the litigation to Judge Arun S. Subramanian, an experienced jurist who has not yet had the opportunity to serve as a transferee judge. We are confident that he will manage the litigation in a capable and efficient manner.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Arun S. Subramanian for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

Tammi M. Hellwig
Clerk of Court

By _____
Deputy Clerk

**IN RE: BYHEART, INC., INFANT FORMULA MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**          MDL No. 3178

## SCHEDULE A

District of Arizona

DEXTER, ET AL. v. BYHEART INCORPORATED, C.A. No. 3:25−08241

Central District of California

MAZZIOTTI, ET AL. v. BYHEART, INC., ET AL., C.A. No. 2:25−12116

Eastern District of California

BARBERA, ET AL. v. BYHEART, INC., C.A. No. 2:25−03339

Northern District of Illinois

LLAPASHTICA, ET AL. v. BYHEART, INC., A DELAWARE CORPORATION, C.A. No. 1:26−00328

Eastern District of Kentucky

EVERETT, ET AL. v. BYHEART, INC., C.A. No. 5:25−00422

District of Minnesota

FLOWERS, ET AL. v. BYHEART, INC., C.A. No. 0:25−04383

Eastern District of New York

VALENZUELA v. BYHEART, INC., C.A. No. 1:25−06333

Southern District of New York

ZETTERSTROM v. BYHEART, INC., C.A. No. 1:25−09419
SCHNEIDER v. BYHEART, INC., C.A. No. 1:25−09543
PILATO, ET AL. v. BYHEART, INC., C.A. No. 1:25−09550
LINTON, ET AL. v. BYHEART, INC., C.A. No. 1:25−09597
ARCHULETA v. BYHEART, INC., C.A. No. 1:25−09714
BREARY, ET AL. v. BYHEART, INC., C.A. No. 1:25−09774
RACHWAL, ET AL. v. BYHEART, INC., C.A. No. 1:25−10011
NOONAN, ET AL. v. BYHEART, INC., C.A. No. 1:25−10243

- A2-

Middle District of Pennsylvania

SEPULVEDA, ET AL. v. BYHEART, INC., C.A. No. 1:25–02210

Northern District of Texas

FURY v. BYHEART, INC., ET AL., C.A. No. 3:25–03183

Southern District of Texas

JOSEPH, ET AL. v. BYHEART, INC., C.A. No. 3:25–00391

Western District of Washington

WESCOTT, ET AL. v. BYHEART, INC., C.A. No. 3:25–06039